Dear Mayor Billiot:
You have requested an Attorney General's Opinion regarding the enactment of Westwego Code of Ordinances Section 27:31(c). Specifically, you question whether the property owner/landlord can be held responsible for a tenant's utility bill. Under Louisiana law, the property owner/landlord cannot be held responsible for a tenant's utility bill in the absence of a specific agreement.
First, this ordinance raises the question of whether the property owner/landlord can be held jointly liable with a tenant for all reinstallation fees, charges, and penalties relating to the reconnection of the water supply when that supply has been disconnected due to the excessive delinquency of the tenant. When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors. LSA-C.C. Art. 1788. In order for a joint obligation to exist, there must be an act through which the parties agree to each be held responsible for a certain sum of money owed to the other party. Berlier v. A.P. Green Industries, Inc., et al., 01-1530 (La. 5/24/02); 815 So. 2d 39 at 46-7. In the absence of an agreement in which the property/landowner agrees to be bound for a certain sum of tenant's utility bill, he cannot be held jointly liable with the tenant.
Second, this ordinance proposes to hold the property owner/landlord severally liable with the tenant for the utility bill. When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors. LSA-C.C. Art. 1787. In this instance, there is only one performance at issue here-the payment of the tenant's water bill. As this is the only performance owed to the water company, there is no several liability. *Page 2 
Finally, the ordinance in question proposes to hold the property owner/landlord solidarily liable for the tenant's utility bill when the tenant who incurred the fees no longer resides at the property. An obligation is solidary for the obligors when each obligor is liable for the whole performance. LSA-C.C. Art 1794. Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from the law. LSA-C.C. Art. 1796. In the absence of a contract that expressly states that the property owner/landlord desires to be held responsible for the tenant's utility bill, the utility company cannot demand for payment from the property owner/landlord.
Therefore, Westwego Code of Ordinances Section 27:31(c), as it is written, appears to be in violation of law. The property owner/landlord cannot be obligated to pay for the reinstallation fees, penalties, and other charges incurred by his tenant without giving express consent through a contract.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you in the future.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _________________________
 Susan Crawford
 Assistant Attorney General